**BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP**
 Norman B. Blumenthal (State Bar #068687)
 Kyle R. Nordrehaug (State Bar #205975)
 Aparajit Bhowmik (State Bar #248066)
 Nicholas J. De Blouw (State Bar #280922)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff**s**

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW LUCCHESE and JULIO CHAVEZ, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>             Plaintiff,<br><br>vs.<br><br>KONE INC., a Corporation ; and DOES 1 through 50, inclusive,<br><br>             Defendants. | Case No. 4:21-CV-00889-JST<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF. CODE §§ 17200, *et seq.*;<br>2. FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br>3. FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, *et seq*;<br>4. FAILURE TO PROVIDE REQUIRED MEAL PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>5. FAILURE TO PROVIDE REQUIRED REST PERIODS IN VIOLATION OF CAL. LAB. CODE §§ 226.7 & 512 AND THE APPLICABLE IWC WAGE ORDER;<br>6. FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br>7. FAILURE TO PROVIDE WAGES WHEN DUE IN VIOLATION OF CAL. LAB. CODE §§ 201, 202 AND 203;<br>8. VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, et seq.] and,<br>9. RETALIATION IN VIOLATION OF LABOR CODE § 1102.5, *et seq.*<br><br>**DEMAND FOR A JURY TRIAL** |

1

Plaintiff Matthew Lucchese and Julio Chavez ("PLAINTIFFS"), individuals, on behalf of themselves and all other similarly situated current and former employees alleges on information and belief, except for their own acts and knowledge which are based on personal knowledge, the following:

## THE PARTIES

1.      Defendant Kone Inc. ("DEFENDANT") is a corporation that at all relevant times mentioned herein conducted and continues to conduct substantial business in the state of California.

2.      DEFENDANT provides elevators, escalators and automatic building doors, as well as solutions for maintenance and modernization to add value to buildings throughout their life cycle.

3.      Plaintiff Lucchese has been employed by DEFENDANT in California since June of 2016 and has been at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

4.      Plaintiff Chavez was employed by DEFENDANT in California from April of 2019 until November of 2020 and was at all times classified by DEFENDANT as a non-exempt employee, paid on an hourly basis, and entitled to the legally required meal and rest periods and payment of minimum and overtime wages due for all time worked.

5.      PLAINTIFFS bring this Class Action on behalf of themselves and a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

6.      PLAINTIFFS bring this Class Action on behalf of themselves and a

CALIFORNIA CLASS in order to fully compensate the CALIFORNIA CLASS for their losses incurred during the CALIFORNIA CLASS PERIOD caused by DEFENDANT's policy and practice which failed to lawfully compensate these employees. DEFENDANT's policy and practice alleged herein was an unlawful, unfair and deceptive business practice whereby DEFENDANT retained and continues to retain wages due PLAINTIFFS and the other members of the CALIFORNIA CLASS. PLAINTIFFS and the other members of the CALIFORNIA CLASS seek an injunction enjoining such conduct by DEFENDANT in the future, relief for the named PLAINTIFFS and the other members of the CALIFORNIA CLASS who have been economically injured by DEFENDANT's past and current unlawful conduct, and all other appropriate legal and equitable relief.

7. The true names and capacities, whether individual, corporate, subsidiary, partnership, associate or otherwise of defendants DOES 1 through 50, inclusive, are presently unknown to PLAINTIFFS who therefore sue these Defendants by such fictitious names pursuant to Cal. Civ. Proc. Code § 474. PLAINTIFFS will seek leave to amend this Complaint to allege the true names and capacities of Does 1 through 50, inclusive, when they are ascertained. PLAINTIFFS are informed and believes, and based upon that information and belief alleges, that the Defendants named in this Complaint, including DOES 1 through 50, inclusive, are responsible in some manner for one or more of the events and happenings that proximately caused the injuries and damages hereinafter alleged.

8. The agents, servants and/or employees of the Defendants and each of them acting on behalf of the Defendants acted within the course and scope of his, her or its authority as the agent, servant and/or employee of the Defendants, and personally participated in the conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein. Consequently, the acts of each Defendant are legally attributable to the other Defendants and all Defendants are jointly and severally liable to PLAINTIFFS and the other members of the CALIFORNIA CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents, servants and/or employees.

**THE CONDUCT**

9.      During the CALIFORNIA CLASS PERIOD, DEFENDANT did not have in place an immutable timekeeping system to accurately record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the actual time these employees worked each day. DEFENDANT engaged in the unilateral modification of PLAINTIFFS' and CALIFORNIA CLASS Members' time records to avoid paying meal break penalties and proper wages to these employees. Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT was required to pay PLAINTIFFS and CALIFORNIA CLASS Members for all their time worked, meaning the time during which an employee is subject to the control of an employer, including all the time the employee is suffered or permitted to work.  DEFENDANT requires PLAINTIFFS and CALIFORNIA CLASS Members to work without paying them for all the time they are under DEFENDANT's control.   Specifically, DEFENDANT requires PLAINTIFFS to work while clocked out during what is supposed to be PLAINTIFFS' off-duty meal break. PLAINTIFFS are from time to time interrupted by work assignments while clocked out for what should have been PLAINTIFFS' off-duty meal break.  Additionally, PLAINTIFFS and CALIFORNIA CLASS Members  clock out of DEFENDANT's timekeeping system, in order to perform additional work for DEFENDANT as required to meet DEFENDANT's job requirements.   DEFENDANT's policy and practice not to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, is evidenced by DEFENDANT's business records.

10.      State and federal law provides that employees must be paid overtime and meal and rest break premiums at one-and-one-half times their "regular rate of pay."  PLAINTIFFS and other CALIFORNIA CLASS Members are compensated at an hourly rate plus incentive pay that is tied to specific elements of an employee's performance.

11.      The second component of PLAINTIFFS' and other CALIFORNIA CLASS Members' compensation is DEFENDANT's non-discretionary incentive program that paid PLAINTIFFS and other CALIFORNIA CLASS Members incentive wages based on their performance for DEFENDANT.   The non-discretionary incentive program provided all

4

employees paid on an hourly basis with incentive compensation when the employees met the various performance goals set by DEFENDANT. However, when calculating the regular rate of pay in order to pay overtime and meal and rest break premiums to PLAINTIFFS and other CALIFORNIA CLASS Members, DEFENDANT failed to include the incentive compensation as part of the employees' "regular rate of pay" for purposes of calculating overtime pay and meal and rest break premium pay. Management and supervisors described the incentive program to potential and new employees as part of the compensation package. As a matter of law, the incentive compensation received by PLAINTIFFS and other CALIFORNIA CLASS Members must be included in the "regular rate of pay." The failure to do so has resulted in a underpayment of overtime compensation and meal and rest break premium pay to PLAINTIFFS and other CALIFORNIA CLASS Members by DEFENDANT.

12.    As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA CLASS Members are from time to time unable to take thirty (30) minute off duty meal breaks and are not fully relieved of duty for their meal periods. PLAINTIFFS and other CALIFORNIA CLASS Members are required from time to time to perform work as ordered by DEFENDANT for more than five (5) hours during some shifts without receiving a meal break. Further, DEFENDANT from time to time fails to provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period for some workdays in which these employees are required by DEFENDANT to work ten (10) hours of work. PLAINTIFFS and other members of the CALIFORNIA CLASS therefore forfeit meal breaks without additional compensation and in accordance with DEFENDANT's corporate policy and practice.

13.    During the CALIFORNIA CLASS PERIOD, PLAINTIFFS and other CALIFORNIA CLASS Members are also required from time to time to work in excess of four (4) hours without being provided ten (10) minute rest periods. Further, these employees are denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours from time to time, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours from time to time, and a first,

second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time.  PLAINTIFFS and other CALIFORNIA CLASS Members are also not provided with one hour wages in lieu thereof.  Additionally, the applicable California Wage Order requires employers to provide employees with off-duty rest periods, which the California Supreme Court defined as time during which an employee is relieved from all work related duties and free from employer control.  In so doing, the Court held that the requirement under California law that employers authorize and permit all employees to take rest period means that employers must relieve employees of all duties and relinquish control over how employees spend their time which includes control over the locations where employees may take their rest period.  Employers cannot impose controls that prohibit an employee from taking a brief walk - five minutes out, five minutes back.  Here, DEFENDANT's policy restricts PLAINTIFFS and other CALIFORNIA CLASS Members from unconstrained walks and is unlawful based on DEFENDANT's rule which states PLAINTIFFS and other CALIFORNIA CLASS Members cannot leave the work premises during their rest period.

14.    During the CALIFORNIA CLASS PERIOD, DEFENDANT fails to accurately record and pay PLAINTIFFS and other CALIFORNIA CLASS Members for the actual amount of time these employees work.  Pursuant to the Industrial Welfare Commission Wage Orders, DEFENDANT is required to pay PLAINTIFFS and other CALIFORNIA CLASS Members for all time worked, meaning the time during which an employee was subject to the control of an employer, including all the time the employee was permitted or suffered to permit this work. DEFENDANT requires these employees to work off the clock without paying them for all the time they are under DEFENDANT's control.  As such, DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA CLASS are under compensated for all time worked.  As a result, PLAINTIFFS and other CALIFORNIA CLASS Members forfeit time worked by working without their time being accurately recorded and without compensation at the applicable minimum wage and overtime wage rates.  To the extent that the time worked off the clock does not qualify for overtime premium payment, DEFENDANT fails to pay minimum wages for the time worked off-the-clock in violation of

1  Cal. Lab. Code §§ 1194, 1197, and 1197.1.

2        15.    DEFENDANT routinely underpaid sick pay wages to PLAINTIFFS and other
3  members of the CALIFORNIA CLASS by failing to pay such wages at the regular rate of pay.
4  Specifically, PLAINTIFFS and other members of the CALIFORNIA CLASS regularly earn
5  non-discretionary remuneration, including but not limited to, incentives, shift differential pay,
6  and bonuses. Rather than pay sick pay at the regular rate of pay, DEFENDANT underpaid sick
7  pay to PLAINTIFFS and other members of the CALIFORNIA CLASS at their base rates of pay.

8        16.    From time to time, DEFENDANT also fails to provide PLAINTIFFS and the
9  other members of  the CALIFORNIA CLASS with complete and accurate wage statements
10  which failed to show, among other things, the correct gross and net wages earned.  Cal. Lab.
11  Code § 226 provides that every employer shall furnish each of his or her employees with an
12  accurate itemized wage statement in writing showing, among other things, gross wages earned
13  and all applicable hourly rates in effect during the pay period and the corresponding amount of
14  time worked at each hourly rate.  Specifically, DEFENDANT violated Section 226 by failing
15  to identify the correct rates of pay and number of hours worked, including for the "Dir. Lab
16  1.0""Dir. Lab 1.5.0 Dir. Lab 2.0""Undist. Lab 1.0""Undist. Lab 1.5""Undist. Lab 2.0" and
17  "FLD Train 1.0" items of pay, which are wage payments. In addition, whenever sick pay wages
18  are underpaid to PLAINTIFFS and the other members of the CALIFORNIA CLASS,
19  DEFENDANT failed to furnich wage statements that accurately show and itemize applicable
20  hourly rates for sick time taken. Notably, the wage statements issued to PLAINTIFFS and the
21  other members of the CALIFORNIA CLASS provided for sick time at a rate lower than their
22  regular rate of pay in violation of California Labor Code Sections 203 and 204.  Aside, from the
23  violations listed above in this paragraph, DEFENDANT fails to issue to PLAINTIFFS an
24  itemized wage statement that lists all the requirements under California Labor Code 226 *et seq*.
25  As a result, DEFENDANT from time to time provides PLAINTIFFS and the other members of
26  the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

27        17.    Specifically as to PLAINTIFFS, DEFENDANT fails to provide all the legally
28  required off-duty meal and rest breaks to them as required by the applicable Wage Order and

Labor Code and failed to pay them all minimum and overtime wages due to them. DEFENDANT does not have a policy or practice which provided timely off-duty meal and rest breaks to PLAINTIFFS and also fails to compensate PLAINTIFFS for their missed meal and rest breaks. The nature of the work performed by the PLAINTIFFS does not prevent them from being relieved of all of his duties for the legally required off-duty meal periods.  As a result, DEFENDANT's failure to provide PLAINTIFFS with the legally required meal periods is evidenced by DEFENDANT's business records.

18.     Furthermore, specifically as to Plaintiff Lucchese, DEFENDANT failed to properly maintain standard safety measures at job sites as well as on work Machinery. As such, Plaintiff Lucchese was placed in a constant risk of harm while performing his job duties for DEFENDANT.   In March of 2020, Plaintiff Lucchese informed DEFENDANT about such safety issues, but to no avail. In or around March of 2020, and continuing through out the rest of Plaintiff Lucchese's employment, Plaintiff Lucchese engaged in protected activity by complaining to DEFENDANT of DEFENDANT's failure to maintain compliant safety standards, including, but not limited to, DEFENDANT's failure to maintain the safety of work machines on DEFENDANT's job sites, and DEFENDANT's insistence on jeopardizing public safety and worker safety in order to accommodate the best interests of DEFENDANT itself. As a direct consequence of Plaintiff Lucchese's complaints to DEFENDANT, DEFENDANT retaliated against Plaintiff Lucchese by removing him from the job site and demoting him to a helper position from the mechanic position which resulted in lost wages.  The amount in controversy for Plaintiff Lucchese individually does not exceed the sum or value of $75,000.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203.  This action is brought as a Class Action on behalf of PLAINTIFFS and similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. § 382.

20.     Venue is proper in this Court pursuant to California Code of Civil Procedure,

Sections 395 and 395.5, because PLAINTIFFS worked in this County for DEFENDANT and DEFENDANT (i) currently maintains and at all relevant times maintained offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS.

## THE CALIFORNIA CLASS

21.    PLAINTIFFS bring the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

22.    To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

23.    DEFENDANT, as a matter of company policy, practice and procedure, and in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to record all meal and rest breaks missed by PLAINTIFFS and other CALIFORNIA CLASS Members, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permits or suffers to permit this work.

24.    DEFENDANT has the legal burden to establish that each and every CALIFORNIA CLASS Member was paid accurately for all meal and rest breaks missed as required by California laws. The DEFENDANT, however, as a matter of policy and procedure

failed to have in place during the CALIFORNIA CLASS PERIOD and still fails to have in place a policy or practice to ensure that each and every CALIFORNIA CLASS Member is paid as required by law.   This common business practice is applicable to each and every CALIFORNIA CLASS Member can be adjudicated on a class-wide basis as unlawful, unfair, and/or deceptive under Cal. Business & Professions Code §§ 17200, *et seq*. (the "UCL") as causation, damages, and reliance are not elements of this claim.

25.    The CALIFORNIA CLASS, is so numerous that joinder of all CALIFORNIA CLASS Members is impracticable.

26.    DEFENDANT violated the rights of the CALIFORNIA CLASS under California law by:

    (a)    Committing an act of unfair competition in violation of , Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that failed to record and pay PLAINTIFFS and the other members of the CALIFORNIA CLASS for all time worked, including minimum wages owed and overtime wages owed for work performed by these employees; and,

    (b)    Committing an act of unfair competition in violation of the UCL, by failing to provide the PLAINTIFFS and the other members of the CALIFORNIA CLASS with the legally required meal and rest periods.

    (c)    Committing an act of unfair competition in violation of the California Unfair Competition Laws, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and Cal. Lab. Code §§ 201-204, 233, 246 and 248.5 by failing to pay PLAINTIFFS and the CALIFORNIA CLASS members for all wages for sick time at the regular rate of pay and for all time worked off the clock.

27.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)    The persons who comprise the CALIFORNIA CLASS are so numerous

10

CLASS ACTION COMPLAINT

that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b) Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS will apply to every member of the CALIFORNIA CLASS;

(c) The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA CLASS, were classified as a non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's deceptive practice and policy which failed to provide the legally required meal and rest periods, failure to provide the correct wages for sick time taken and overtime worked, and failed to provide compensation for all time worked off the clock to the CALIFORNIA CLASS and thereby underpaid compensation to PLAINTIFFS and CALIFORNIA CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA CLASS were and are similarly or identically harmed by the same unlawful, deceptive and unfair misconduct engaged in by DEFENDANT; and,

(d) The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all CALIFORNIA CLASS Members.

28. In addition to meeting the statutory prerequisites to a Class Action, this action is

CLASS ACTION COMPLAINT

properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

    1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

    2)    Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)    The parties opposing the CALIFORNIA CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT failed to pay all wages due to members of the CALIFORNIA CLASS as required by law;

    1)    With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim PLAINTIFFS seek declaratory relief holding that the DEFENDANT's policy and practices constitute unfair competition, along with declaratory relief, injunctive relief, and incidental equitable relief as may be necessary to prevent and remedy the conduct declared to constitute unfair competition;

(c)    Common questions of law and fact exist as to the members of the

CALIFORNIA CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)    The interests of the members of the CALIFORNIA CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)    Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.    Adjudications with respect to individual members of the CALIFORNIA CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)    In the context of wage litigation because a substantial number of individual CALIFORNIA CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to

1    assert their claims through a representative; and,

2    4)    A class action is superior to other available methods for the fair

3    and efficient adjudication of this litigation because class treatment

4    will obviate the need for unduly and unnecessary duplicative

5    litigation that is likely to result in the absence of certification of

6    this action pursuant to Cal. Code of Civ. Proc. § 382.

7    29.    This Court should permit this action to be maintained as a Class Action pursuant

8    to Cal. Code of Civ. Proc. § 382 because:

9    (a)    The questions of law and fact common to the CALIFORNIA CLASS

10    predominate over any question affecting only individual CALIFORNIA

11    CLASS Members because the DEFENDANT's employment practices are

12    applied with respect to the CALIFORNIA CLASS;

13    (b)    A Class Action is superior to any other available method for the fair and

14    efficient adjudication of the claims of the members of the CALIFORNIA

15    CLASS because in the context of employment litigation a substantial

16    number of individual CALIFORNIA CLASS Members will avoid

17    asserting their rights individually out of fear of retaliation or adverse

18    impact on their employment;

19    (c)    The members of the CALIFORNIA CLASS are so numerous that it is

20    impractical to bring all members of the CALIFORNIA CLASS before the

21    Court;

22    (d)    PLAINTIFFS, and the other CALIFORNIA CLASS Members, will not be

23    able to obtain effective and economic legal redress unless the action is

24    maintained as a Class Action;

25    (e)    There is a community of interest in obtaining appropriate legal and

26    equitable relief for the acts of unfair competition, statutory violations and

27    other improprieties, and in obtaining adequate compensation for the

28    damages and injuries which DEFENDANT's actions have inflicted upon

14

the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA CLASS for the injuries sustained;

(g)     DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA CLASS.

30.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged.  PLAINTIFFS will seek leave to amend the Complaint to include any additional job titles of similarly situated employees when they have been identified.

**THE CALIFORNIA LABOR SUB-CLASS**

31.     PLAINTIFFS further bring the Second, Third, Fourth, Fifth, Sixth and Seventh causes Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the complaint and ending on the date as determined by the Court  (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382. The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

CLASS ACTION COMPLAINT

32.    DEFENDANT, in violation of the applicable Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly, and wilfully, engaged in a practice whereby DEFENDANT failed to correctly calculate compensation for the time worked by PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS and reporting time wages owed to these employees, even though DEFENDANT enjoyed the benefit of this work, required employees to perform this work and permitted or suffered to permit this work. DEFENDANT has denied these CALIFORNIA LABOR SUB-CLASS Members wages to which these employees are entitled in order to unfairly cheat the competition and unlawfully profit. To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been intentionally subjected to DEFENDANT's company policy, practices and procedures as herein alleged. PLAINTIFFS will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

34.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

35.    Common questions of law and fact exist as to members of the CALIFORNIA LABOR SUB-CLASS, including, but not limited, to the following:

(a)    Whether DEFENDANT unlawfully failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUB-CLASS for missed meal and rest breaks in violation of the California Labor Code and California regulations and the applicable California Wage Order;

(b)    Whether DEFENDANT failed to provide the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with accurate

16

itemized wage statements;

(c)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct;

(d)     Whether DEFENDANT failed to correctly calculate and pay compensation due to members of the CALIFORNIA LABOR SUBCLASS for missed meal and rest breaks and for sick time taken at the regular rate of pay and for all time worked off the clock;

(e)     The proper measure of damages and penalties owed to the members of the CALIFORNIA LABOR SUB-CLASS; and,

(f)     Whether DEFENDANT's conduct was willful.

36.     DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)     Violating Cal. Lab. Code §§ 510, *et seq*., by failing to correctly pay the PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS all wages due for overtime worked, for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(b)     Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq*., by failing to accurately pay PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wage pay for which DEFENDANT is liable pursuant to Cal. Lab. Code §§ 1194 and 1197;

(c)     Violating Cal. Lab. Code § 226, by failing to provide PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS with an accurate itemized statement in writing showing the corresponding correct amount of wages earned by the employee;

(d)     Violating Cal. Lab. Code §§ 226.7 and 512, by failing to provide PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with all legally required off-duty, uninterrupted thirty (30) minute meal breaks and the legally required off-duty rest breaks;

17

(e)     Violating Cal. Lab. Code §§ 201, 202 and/or 203, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing to tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment; and,

(f)     Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members with necessary expenses incurred in the discharge of their job duties.

(g)     Violating Cal. Lab. Code §§ 201-204, 233, 246 and 248.5, which provides that when an employee is discharged or quits from employment, the employer must pay the employee all wages due without abatement, by failing ot tender full payment and/or restitution of wages owed or in the manner required by California law to the members of the CALIFORNIA LABOR SUB-CLASS who have terminated their employment by failing to pay PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members for all wage for sick time taken at the regular rate of pay and for all time worked off the clock.

37.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply to every member of the CALIFORNIA LABOR SUB-CLASS;

18

(c)    The claims of the representative PLAINTIFFS are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS, like all the other members of the CALIFORNIA LABOR SUB-CLASS, were non-exempt employee paid on an hourly basis who was subjected to the DEFENDANT's practice and policy which failed to pay the correct amount of wages due to the CALIFORNIA LABOR SUB-CLASS. PLAINTIFFS sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS were and are similarly or identically harmed by the same unlawful, deceptive, and unfair misconduct engaged in by DEFENDANT; and,

(d)    The representative PLAINTIFFS will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and have retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFFS and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

38.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties

19

1              opposing the CALIFORNIA LABOR SUB-CLASS; or,

2          2)    Adjudication with respect to individual members of the

3              CALIFORNIA LABOR SUB-CLASS which would as a practical

4              matter be dispositive of interests of the other members not party to

5              the adjudication or substantially impair or impede their ability to

6              protect their interests.

7      (b)    The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted

8          or refused to act on grounds generally applicable to the CALIFORNIA

9          LABOR SUB-CLASS, making appropriate class-wide relief with respect

10         to the CALIFORNIA LABOR SUB-CLASS as a whole in that

11         DEFENDANT fails to pay all wages due. Including the correct wages for

12         all time worked by the members of the CALIFORNIA LABOR SUB-

13         CLASS as required by law;

14     (c)    Common questions of law and fact predominate as to the members of the

15         CALIFORNIA LABOR SUB-CLASS, with respect to the practices and

16         violations of California Law as listed above, and predominate over any

17         question affecting only individual CALIFORNIA LABOR SUB-CLASS

18         Members, and a Class Action is superior to other available methods for

19         the fair and efficient adjudication of the controversy, including

20         consideration of:

21         1)    The interests of the members of the CALIFORNIA LABOR SUB-

22             CLASS in individually controlling the prosecution or defense of

23             separate actions in that the substantial expense of individual

24             actions will be avoided to recover the relatively small amount of

25             economic losses sustained by the individual CALIFORNIA

26             LABOR SUB-CLASS Members when compared to the substantial

27             expense and burden of individual prosecution of this litigation;

28         2)    Class certification will obviate the need for unduly duplicative

20

litigation that would create the risk of:

    A.    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

    B.    Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

    3)    In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

    4)    A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

39.    This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

    (a)    The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

    (b)    A Class Action is superior to any other available method for the fair and

21

1    efficient adjudication of the claims of the members of the CALIFORNIA
2    LABOR SUB-CLASS because in the context of employment litigation a
3    substantial number of individual CALIFORNIA LABOR SUB-CLASS
4    Members will avoid asserting their rights individually out of fear of
5    retaliation or adverse impact on their employment;

6    (c)    The members of the CALIFORNIA LABOR SUB-CLASS are so
7    numerous that it is impractical to bring all members of the CALIFORNIA
8    LABOR SUB-CLASS before the Court;

9    (d)    PLAINTIFFS, and the other CALIFORNIA LABOR SUB-CLASS
10    Members, will not be able to obtain effective and economic legal redress
11    unless the action is maintained as a Class Action;

12    (e)    There is a community of interest in obtaining appropriate legal and
13    equitable relief for the acts of unfair competition, statutory violations and
14    other improprieties, and in obtaining adequate compensation for the
15    damages and injuries which DEFENDANT's actions have inflicted upon
16    the CALIFORNIA LABOR SUB-CLASS;

17    (f)    There is a community of interest in ensuring that the combined assets of
18    DEFENDANT are sufficient to adequately compensate the members of
19    the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

20    (g)    DEFENDANT has acted or refused to act on grounds generally applicable
21    to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-
22    wide relief appropriate with respect to the CALIFORNIA LABOR SUB-
23    CLASS as a whole;

24    (h)    The members of the CALIFORNIA LABOR SUB-CLASS are readily
25    ascertainable from the business records of DEFENDANT.    The
26    CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA
27    CLASS Members who worked for DEFENDANT in California at any
28    time during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

22

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(i)    Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT as to the members of the CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code §§  17200, *et seq*.]**

**(By PLAINTIFFS and the CALIFORNIA CLASS and Against All Defendants)**

40.    PLAINTIFFS, and the other members of the CALIFORNIA CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

41.    DEFENDANT is a "person" as that term is defined under Cal. Bus. and Prof. Code § 17021.

42.    California Business & Professions Code §§ 17200, *et seq.* (the "UCL") defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17203 authorizes injunctive, declaratory, and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction. The court may make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

Cal. Bus. & Prof. Code § 17203.

43.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to, the applicable Industrial Wage Order(s), the California Code of Regulations and the California Labor Code including Sections 204, 210, 226.7, 510, 512, 1194, 1197, 1197.1 & 1198, for which this Court should issue declaratory and other equitable relief pursuant to Cal. Bus. &

23

Prof. Code § 17203 as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld.

44.    By the conduct alleged herein, DEFENDANT's practices were unlawful and unfair in that these practices violate public policy, were immoral, unethical, oppressive, unscrupulous or substantially injurious to employees, and were without valid justification or utility for which this Court should issue equitable and injunctive relief pursuant to Section 17203 of the California Business & Professions Code, including restitution of wages wrongfully withheld.

45.    By the conduct alleged herein, DEFENDANT's practices were deceptive and fraudulent in that DEFENDANT's policy and practice failed to provide the legally mandated meal and rest periods, the required amount of compensation for missed meal and rest periods, sick pay, and overtime and minimum wages owed, failed to timely pay wages, and failed to reimburse all necessary business expenses incurred, due to a business practice that cannot be justified, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. Code §§ 17200, *et seq.*, and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

46.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFFS and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT required by Cal. Lab. Code §§ 201-204, 210, 510, 512, 1194, 1197, 1197.1, 1198 and 2802.

47.    By the conduct alleged herein, DEFENDANT's practices were also unlawful, unfair and deceptive in that DEFENDANT's policies, practices and procedures failed to provide all legally required meal breaks to PLAINTIFFS and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

48.    Therefore, PLAINTIFFS demand on behalf of themselves and on behalf of each CALIFORNIA CLASS Member, one (1) hour of pay for each workday in which an off-duty

24

meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

49.     PLAINTIFFS further demand on behalf of themselves and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which an off duty paid rest period was not timely provided as required by law.

50.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFFS and the other members of the CALIFORNIA CLASS, including earned wages for all time worked, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

51.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, were unlawful and in violation of public policy, were immoral, unethical, oppressive and unscrupulous, were deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

52.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFFS and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

53.     PLAINTIFFS and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

54.     PLAINTIFFS and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices

of DEFENDANT. Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFFS and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

55.    Such a pattern, practice and uniform administration of corporate policy is unlawful and entitles PLAINTIFFS and the other members of the CALIFORNIA CLASS to full restitution of all monies withheld, acquired or converted by DEFENDANT by means of the unfair practices complained of herein, including interest thereon, attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

56.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

57.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFFS and CALIFORNIA CLASS Members.

58.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

59.    Cal. Lab. Code § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than

1  the minimum so fixed in unlawful.

2      60.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

3  including minimum wage compensation and interest thereon, together with the costs of suit.

4      61.    DEFENDANT maintained a wage practice of paying PLAINTIFFS and the other

5  members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of

6  time they work. As set forth herein, DEFENDANT's policy and practice was to unlawfully and

7  intentionally deny timely payment of wages due to PLAINTIFFS and the other members of the

8  CALIFORNIA LABOR SUB-CLASS.

9      62.    DEFENDANT's unlawful wage and hour practices manifested, without limitation,

10  applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing

11  a policy and practice that denies accurate compensation to PLAINTIFFS and the other members

12  of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

13      63.    In committing these violations of the California Labor Code, DEFENDANT

14  inaccurately calculated the correct time worked and consequently underpaid the actual time

15  worked by PLAINTIFFS and other members of the CALIFORNIA  LABOR SUB-CLASS.

16  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

17  benefits in violation of the California Labor Code, the Industrial Welfare Commission

18  requirements and other applicable laws and regulations.

19      64.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

20  PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not

21  receive the correct minimum wage compensation for their time worked for DEFENDANT.

22      65.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT

23  required, permitted or suffered PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS

24  Members to work without paying them for all the time they were under DEFENDANT's

25  control. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and the

26  other members of the CALIFORNIA LABOR SUB-CLASS were paid less for time worked that

27  they were entitled to, constituting a failure to pay all earned wages.

28      66.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

67.    DEFENDANT knew or should have known that PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were under compensated for their time worked. DEFENDANT elected, either through intentional malfeasance or gross nonfeasance, to not pay employees for their labor as a matter of company policy, practice and procedure, and DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time worked.

68.    In performing the acts and practices herein alleged in violation of California labor laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for all time worked and provide them with the requisite compensation, DEFENDANT acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious and utter disregard for their legal rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights, and otherwise causing them injury in order to increase company profits at the expense of these employees.

69.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided by the California Labor Code and/or other applicable statutes. To the extent minimum wage compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members. DEFENDANT's conduct as alleged herein

28

1  was willful, intentional and not in good faith.  Further, PLAINTIFFS and other CALIFORNIA
2  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

3

4  **THIRD CAUSE OF ACTION**

5  **For Failure To Pay Overtime Compensation**

6  **[Cal. Lab. Code §§ 510,** *et seq.***]**

7  **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

8  **Defendants)**

9       70.    PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-
10  CLASS, reallege and incorporate by this reference, as though full set forth herein, the prior
11  paragraphs of this Complaint.

12      71.    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-
13  CLASS bring a claim for DEFENDANT's willful and intentional violations of the California
14  Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure
15  to pay these employees for all overtime worked, including, work performed in excess of eight
16  (8) hours in a workday, and/or twelve (12) hours in a workday, and/or forty (40) hours in any
17  workweek.

18      72.    Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and
19  public policy, an employer must timely pay its employees for all hours worked.

20      73.    Cal. Lab. Code § 510 further provides that employees in California shall not be
21  employed more than eight (8) hours per workday and more than forty (40) hours per workweek
22  unless they receive additional compensation beyond their regular wages in amounts specified
23  by law.

24      74.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,
25  including minimum wage and overtime compensation and interest thereon, together with the
26  costs of suit.  Cal. Lab. Code § 1198 further states that the employment of an employee for
27  longer hours than those fixed by the Industrial Welfare Commission is unlawful.

28      75.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFFS and

29

1    CALIFORNIA LABOR SUB-CLASS Members were required, permitted or suffered by

2    DEFENDANT to work for DEFENDANT and were not paid for all the time they worked,

3    including overtime work.

4          76.    DEFENDANT's unlawful wage and hour practices manifested, without limitation,

5    applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a result of implementing

6    a policy and practice that failed to accurately record overtime worked by PLAINTIFFS and

7    other CALIFORNIA LABOR SUB-CLASS Members and denied accurate compensation to

8    PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS for overtime

9    worked, including, the overtime work performed in excess of eight (8) hours in a workday,

10   and/or twelve (12) hours in a workday, and/or forty (40) hours in any workweek.

11         77.    In committing these violations of the California Labor Code, DEFENDANT

12   inaccurately recorded overtime worked and consequently underpaid the overtime worked by

13   PLAINTIFFS and other CALIFORNIA LABOR-SUB CLASS Members. DEFENDANT acted

14   in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation

15   of the California Labor Code, the Industrial Welfare Commission requirements and other

16   applicable laws and regulations.

17         78.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

18   the PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS did not

19   receive full compensation for overtime worked.

20         79.    Cal. Lab. Code § 515 sets out various categories of employees who are exempt

21   from the overtime requirements of the law.  None of these exemptions are applicable to the

22   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS.  Further,

23   PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-CLASS were not

24   subject to a valid collective bargaining agreement that would preclude the causes of action

25   contained herein this Complaint.  Rather, PLAINTIFFS bring this Action on behalf of

26   themselves and the CALIFORNIA LABOR SUB-CLASS based on DEFENDANT's violations

27   of non-negotiable, non-waiveable rights provided by the State of California.

28         80.    During the CALIFORNIA LABOR SUB-CLASS PERIOD,  PLAINTIFFS and

1    the other members of the CALIFORNIA LABOR SUB-CLASS have been paid less for
2    overtime worked that they are entitled to, constituting a failure to pay all earned wages..

3       81.    DEFENDANT failed to accurately pay the PLAINTIFFS and the other members
4    of the CALIFORNIA LABOR SUB-CLASS overtime wages for the time they worked which
5    was in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510,
6    1194 & 1198, even though PLAINTIFFS and the other members of the CALIFORNIA LABOR
7    SUB-CLASS were required to work, and did in fact work, overtime as to which DEFENDANT
8    failed to accurately record and pay as evidenced by DEFENDANT's business records and
9    witnessed by employees.

10      82.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned
11   compensation to PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-
12   CLASS for the true amount of time they worked, PLAINTIFFS and the other members of the
13   CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic
14   injury in amounts which are presently unknown to them and which will be ascertained
15   according to proof at trial.

16      83.    DEFENDANT knew or should have known that PLAINTIFFS and the other
17   members of the CALIFORNIA LABOR SUB-CLASS were under compensated for all overtime
18   worked.  DEFENDANT elected, either through intentional malfeasance or gross nonfeasance,
19   to not pay employees for their labor as a matter of company policy, practice and procedure, and
20   DEFENDANT perpetrated this scheme by refusing to pay PLAINTIFFS and the other members
21   of the CALIFORNIA LABOR SUB-CLASS for overtime worked.

22      84.    In performing the acts and practices herein alleged in violation of California labor
23   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for
24   all overtime worked and provide them with the requisite overtime compensation, DEFENDANT
25   acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFFS and
26   the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter
27   disregard for their legal rights, or the consequences to them, and with the despicable intent of
28   depriving them of their property and legal rights, and otherwise causing them injury in order

31

1   to increase company profits at the expense of these employees.

2       85.     PLAINTIFFS and the other members of the CALIFORNIA LABOR SUB-

3   CLASS therefore request recovery of all overtime wages, according to proof, interest, statutory

4   costs, as well as the assessment of any statutory penalties against DEFENDANT, in a sum as

5   provided by the California Labor Code and/or other applicable statutes.  To the extent minimum

6   and/or overtime compensation is determined to be owed to the CALIFORNIA LABOR SUB-

7   CLASS Members who have terminated their employment, DEFENDANT's conduct also

8   violates Labor Code §§ 201 and/or 202, and therefore these individuals are also be entitled to

9   waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf

10  of these CALIFORNIA LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged

11  herein was willful, intentional and not in good faith.  Further, PLAINTIFFS and other

12  CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

### FOURTH CAUSE OF ACTION

**For Failure to Provide Required Meal Periods**

**[Cal. Lab. Code §§ 226.7 & 512 ]**

**(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

19      86.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

20  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

    paragraphs of this Complaint.

21      87.     During the CALIFORNIA CLASS PERIOD, DEFENDANT from time to time

22  failed to provide all the legally required off-duty meal breaks to PLAINTIFFS and the other

23  CALIFORNIA LABOR SUB-CLASS Members as required by the applicable Wage Order and

24  Labor Code.  The nature of the work performed by PLAINTIFFS and CALIFORNIA LABOR

25  SUB-CLASS MEMBERS did not prevent these employees from being relieved of all of their

26  duties for the legally required off-duty meal periods.  As a result of their rigorous work

27  schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were from

28

32

1   time to time not fully relieved of duty by DEFENDANT for their meal periods. Additionally,

2   DEFENDANT's failure to provide PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

3   Members with legally required meal breaks prior to their fifth (5th) hour of work is evidenced

4   by DEFENDANT's business records from time to time. Further, DEFENDANT failed to

5   provide PLAINTIFFS and CALIFORNIA CLASS Members with a second off-duty meal period

6   in some workdays in which these employees were required by DEFENDANT to work ten (10)

7   hours of work from time to time. As a result, PLAINTIFFS and other members of the

8   CALIFORNIA LABOR SUB-CLASS therefore forfeited meal breaks without additional

9   compensation and in accordance with DEFENDANT's strict corporate policy and practice.

10      88.     DEFENDANT further violates California Labor Code §§ 226.7 and the applicable

11  IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-

12  CLASS Members who were not provided a meal period, in accordance with the applicable

13  Wage Order, one additional hour of compensation at each employee's regular rate of pay for

14  each workday that a meal period was not provided.

15      89.     As a proximate result of the aforementioned violations, PLAINTIFFS and

16  CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according

17  to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of

18  suit.

19

20                          **FIFTH CAUSE OF ACTION**

21                   **For Failure to Provide Required Rest Periods**

22                        **[Cal. Lab. Code §§ 226.7 & 512 ]**

23   **(By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All**

24                                **Defendants)**

25      90.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-

26  CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

27  paragraphs of this Complaint.

28      91.     PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were

33

from time to time required to work in excess of four (4) hours without being provided ten (10) minute rest periods.  Further, these employees from time to time were denied their first rest periods of at least ten (10) minutes for some shifts worked of at least two (2) to four (4) hours, a first and second rest period of at least ten (10) minutes for some shifts worked of between six (6) and eight (8) hours, and a first, second and third rest period of at least ten (10) minutes for some shifts worked of ten (10) hours or more from time to time. PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were also not provided with one hour wages in lieu thereof.  As a result of their rigorous work schedules, PLAINTIFFS and other CALIFORNIA LABOR SUB-CLASS Members were periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers.

92.     DEFENDANT further violated California Labor Code §§ 226.7 and the applicable IWC Wage Order by failing to compensate PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members who were not provided a rest period, in accordance with the applicable Wage Order, one additional hour of compensation at each employee's regular rate of pay for each workday that rest period was not provided.

93.     As a proximate result of the aforementioned violations, PLAINTIFFS and CALIFORNIA LABOR SUB-CLASS Members have been damaged in an amount according to proof at trial, and seek all wages earned and due, interest, penalties, expenses and costs of suit.

## SIXTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

94.     PLAINTIFFS, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

1     95.    Cal. Labor Code § 226 provides that an employer must furnish employees

2  with

3  an "accurate itemized" statement in writing showing:

> (1) gross wages earned,
> (2) total hours worked by the employee, except for any employee whose
> compensation is solely based on a salary and who is exempt from payment of
> overtime under subdivision (a) of Section 515 or any applicable order of the
> Industrial Welfare Commission,
> (3) the number of piecerate units earned and any applicable piece rate if the employee
> is paid on a piece-rate basis,
> (4) all deductions, provided that all deductions made on written orders of the
> employee may be aggregated and shown as one item,
> (5) net wages earned,
> (6) the inclusive dates of the period for which the employee is paid,
> (7) the name of the employee and his or her social security number, except that by
> January 1, 2008, only the last four digits of his or her social security number or an
> employee identification number other than a social security number may be shown on
> the itemized statement,
> (8) the name and address of the legal entity that is the employer, and
> (9) all applicable hourly rates in effect during the pay period and the corresponding
> number of hours worked at each hourly rate by the employee.

96.    From time to time, DEFENDANT also failed to provide PLAINTIFFS and the

other members of the CALIFORNIA LABOR SUB-CLASS with complete and accurate

wage statements which failed to show, among other things, the correct gross and net wages

earned. Cal. Lab. Code § 226 provides that every employer shall furnish each of his or her

employees with an accurate itemized wage statement in writing showing, among other

things, gross wages earned and all applicable hourly rates in effect during the pay period and

the corresponding amount of time worked at each hourly rate. Specifically, DEFENDANT

violated Section 226 by failing to identify the correct rates of pay and number of hours

worked, including for the "Dir. Lab 1.0""Dir. Lab 1.5.0 Dir. Lab 2.0""Undist. Lab

1.0""Undist. Lab 1.5""Undist. Lab 2.0" and "FLD Train 1.0" items of pay, which are wage

payments. In addition, whenever sick pay wages are underpaid to PLAINTIFFS and the

other CALIFORNIA CLASS Members, DEFENDANT failed to furnish wage statements

that accurately show and itemize applicable hourly rates for sick time taken. Aside, from the

violations listed above in this paragraph, DEFENDANT failed to issue to PLAINTIFFS an

itemized wage statement that lists all the requirements under California Labor Code 226 *et*

35

1   *seq*. As a result, DEFENDANT from time to time provided PLAINTIFFS and the other

2   members of the CALIFORNIA LABOR SUB-CLASS with wage statements which violated

3   Cal. Lab. Code § 226.

4          97.    DEFENDANT knowingly and intentionally failed to comply with Cal. Lab.

5   Code § 226, causing injury and damages to PLAINTIFFS and the other members of the

6   CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs

7   expended calculating the correct wages for all missed meal and rest breaks and the amount

8   of employment taxes which were not properly paid to state and federal tax authorities.

9   These damages are difficult to estimate.  Therefore, PLAINTIFFS and the other members of

10  the CALIFORNIA LABOR SUB-CLASS may elect to recover liquidated damages of fifty

11  dollars ($50.00) for the initial pay period in which the violation occurred, and one hundred

12  dollars ($100.00) for each violation in a subsequent pay period pursuant to Cal. Lab. Code §

13  226, in an amount according to proof at the time of trial (but in no event more than four

14  thousand dollars ($4,000.00) for PLAINTIFFS and each respective member of the

15  CALIFORNIA LABOR SUB-CLASS herein).

16

17                    **SEVENTH CAUSE OF ACTION**

18                    **For Failure to Pay Wages When Due**

19                    **[ Cal. Lab. Code §§ 201, 202, 203]**

20  **(By Plaintiff Chavez and the CALIFORNIA LABOR SUB-CLASS and Against All**

21                              **Defendants)**

22         98.    Plaintiff Chavez, and the other members of the CALIFORNIA LABOR SUB-

23  CLASS, reallege and incorporate by reference, as though fully set forth herein, the prior

24  paragraphs of this Complaint.

25         99.    Cal. Lab. Code § 200 provides that:

26  As used in this article:
    (a) "Wages" includes all amounts for labor performed by employees of every
27  description, whether the amount is fixed or ascertained by the standard of
    time, task, piece, Commission basis, or other method of calculation.
28  (b) "Labor" includes labor, work, or service whether rendered or performed

                                    36

under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

100.   Cal. Lab. Code § 201 provides, in relevant part, that "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

101.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or she so requests and designates a mailing address. The date of the mailing shall constitute the date of payment for purposes of the requirement to provide payment within 72 hours of the notice of quitting.

102.   There was no definite term in PLAINTIFFS' or any CALIFORNIA LABOR SUB-CLASS Members' employment contract.

103.   Cal. Lab. Code § 203 provides:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

104.   The employment of Plaintiff Chavez and many CALIFORNIA LABOR SUB-CLASS Members terminated and DEFENDANT has not tendered payment of all minimum wages, meal and rest period premiums, sick wages, and overtime wages, to these employees, as required by law.

105.   Therefore, as provided by Cal Lab. Code § 203, on behalf of himself and the members of the CALIFORNIA LABOR SUB-CLASS whose employment has, Plaintiff Chavez demands up to thirty days of pay as penalty for not paying all wages due at time of termination for all employees who terminated employment during the CALIFORNIA LABOR SUB-CLASS PERIOD, and demands an accounting and payment of all wages due, plus interest and statutory costs as allowed by law.

37

106.    Cal. Lab. Code § 233 provides that an employer must permit an employee use accrued sick leave in accordance with Cal. Lab. Code § 246.5 at the employee's then current rate of entitlement. Cal. Lab. Code 246 provides that an employee is entitled to sick pay wages for use of accrued sick leave. An employer must calculate paid sick time by using one of two calculations: (I) "Paid sick time for nonexempt employees shall be calculated in the same manner as the regular rate of pay for the workweek in which the employee uses paid sick time, whether or not the employee actually works overtime in the that workweek" or "Paid sick time for nonexempt employees shall be calculated by dividing the employee's total wages, not including overtime premium pay, by the employee's total hours worked in the full pay periods of the prior 90 days of employment." Cal. Lab. Code § 204 generally provides that wages are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Consistent with Cal. Lab. Code § 204, Cal. Lab. Code § 246 specifically requires that an employer shall provide payment for sick leave taken by an employee no later than the payday for the next regular payroll period after the sick leave was taken.

107.    As a matter of policy and practice, Defendant pays PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members at the incorrect rate of pay. Defendant pays PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members at the base hourly rate of pay, as opposed to the regular rate pay, which would take into account all-non discretionary remuneration in addition to their base hourly wages, including for example incentives or bonuses, or the rate resulting from dividing the employees' total wages, not including overtime premium pay, by the employees' total hours worked in the full pay periods of the prior 90 days of employment, as required by Cal. Lab. Code § 246. This results in underpayments of sick pay wages to PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members.

108.    Section 246 specifically requires that an employer shall provide payment for sick eave taken by an employee no later than the payday for the next regular payroll period after the sick leave was taken. Moreover, Section 204 generally provides that wages are due

38

1    and payable twice during each calendar month, on days designed in advance by the

2    employer as the regular paydays. Cal. Lab. Code § 201 provides that if an employer

3    discharges an employee, the wages earned and unpaid at the time of discharge are due and

4    payable immediately. Cal. Lab. Code § 202 provides that an employee is entitled to receive

5    all unpaid wages no later than 72 hours after an employee quits his or her employment,

6    unless the employee has given seventy-two (72) hours previous notice of his or her intention

7    to quit, in which case the employee is entitle to his or her wages at the time of quitting. Cal.

8    Lab. Code § 203 provides that if an employer willfully fails to pay wages owed in

9    accordance with Cal. Lab. Code §§ 201 and 202, then the wages of the employee shall

10   continue as a penalty from the due date, and at the same rate until paid, but the wages shall

11   not continue for more than thirty (30) days.

12       109.   As alleged herein and as a matter of policy and practice, Defendant routinely

13   underpays sick pay wages to PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS

14   members. Because Defendant does not pay or timely pay PLAINTIFFS and the

15   CALIFORNIA LABOR SUB-CLASS members all owing and underpaid sick pay wages,

16   Defendant violates Cal. Lab. Code §§ 201-204, 233, 246 and 248.5, and other Labor Code

17   provisions. Defendant willfully fails to timely pay PLAINTIFFS and the CALIFORNIA

18   LABOR SUB-CLASS members all their sick pay wages due and are therefore subject to

19   applicable penalties. On information and belief, Defendant was advised by skilled lawyers

20   and knew, or should have known, of the mandates of the Labor Code as it relates to

21   PLAINTIFFS' allegations, especially since the California Supreme Court has explained that

22   "[c]ourts have recognized that 'wages' also include those benefits to which an employee is

23   entitled as part of his or her compensation, including money, room, board, clothing, vacation

24   pay, and sick pay." *Murphy v. Kenneth Cole Prods, Inc.*, 40 Cal. 4th 1094, 1103 (2007)

25   (emphasis added).

26       110.   Such a pattern, practice, and uniform administration of corporate policy is

27   unlawful and entitles PLAINTIFFS and the CALIFORNIA LABOR SUB-CLASS members

28   to underpaid sick pay, including interest thereon, applicable penalties, attorneys' fees, and

1    costs of suit.

2

3                            **EIGHTH CAUSE OF ACTION**

4               **For Violation of the Private Attorneys General Act**

5                        **[Cal. Lab. Code §§ 2698, *et seq.*]**

6                   **(By PLAINTIFFS and Against All Defendants)**

7        111.    PLAINTIFFS reallege and incorporate by this reference, as though fully set

8    forth herein, the prior paragraphs of this Complaint.

9        112.    PAGA is a mechanism by which the State of California itself can enforce state

10   labor laws through the employee suing under the PAGA who do so as the proxy or agent of

11   the state's labor law enforcement agencies.  An action to recover civil penalties under PAGA

12   is fundamentally a law enforcement action designed to protect the public and not to benefit

13   private parties.   The purpose of the PAGA is not to recover damages or restitution, but to

14   create a means of "deputizing" citizens as private attorneys general to enforce the Labor

15   Code.   In enacting PAGA, the California Legislature specified that "it was ... in the public

16   interest to allow aggrieved employees, acting as private attorneys general to recover civil

17   penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1. Accordingly, PAGA claims

18   cannot be subject to arbitration.

19       113.    PLAINTIFFS, and such persons that may be added from time to time who

20   satisfy the requirements and exhaust the administrative procedures under the Private

21   Attorney General Act, bring this Representative Action on behalf of the State of California

22   with respect to themselves and all individuals who are or previously were employed by

23   DEFENDANT in California and who were classified as non exempt employees

24   ("AGGRIEVED EMPLOYEES") during the time period of September 3, 2019 until a date

25   as determined by the Court (the "PAGA PERIOD").

26       114.    On September 3, 2020, Plaintiff Lucchese gave written notice by electronic

27   mail to the Labor and Workforce Development Agency (the "Agency") and by certified mail

28   to the employer of the specific provisions of this code alleged to have been violated as

                                          40

required by Labor Code § 2699.3.  *See* **Exhibit #1**, attached hereto and incorporated by this reference herein.  On February 25, 2021, PLAINTIFFS gave amended written notice by electronic mail to the Agency and by certified mail to the employer, adding Plaintiff Chavez as an additional aggrieved employee and additional allegations stemming from Defendant's failure to pay all wages, including wages for sick leave, in compliance with Labor Code sections 203 and 204. *See* **Exhibit #2**, attached hereto and incorporated by this reference herein. The statutory waiting period for PLAINTIFFS to add these allegations to the Complaint has expired.  As a result, pursuant to Section 2699.3, PLAINTIFFS may now commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

115.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because DEFENDANT (a) failed to provide PLAINTIFFS and the other AGGRIEVED EMPLOYEES accurate itemized wage statements, (b) failed to properly record and provide legally required meal and rest periods, (c) failed to pay minimum wages, and (d) failed to pay overtime wages, all in violation of the applicable Labor Code sections listed in Labor Code §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), and the applicable Wage Order(s), and thereby gives rise to civil penalties as a result of such conduct.[1]  PLAINTIFFS hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on PLAINTIFFS and the other AGGRIEVED EMPLOYEES.

116.    All of the conduct and violations alleged herein occurred during the PAGA PERIOD. To the extent that any of the conduct and violations alleged herein did not affect PLAINTIFF during the PAGA PERIOD, PLAINTIFF seeks penalties for those violations

[1] Plaintiff specifically excludes and/or does not allege any claims under California Labor Code §558(a)(3).

CLASS ACTION COMPLAINT

1    that affected other AGGRIEVED EMPLOYEES pursuant to Carrington v. Starbucks Corp.

2    2018 AJDAR 12157 (Certified for Publication 12/19/18).

3                              **NINTH CAUSE OF ACTION**

4                                      **Retaliation**

5                        **[Violation of Cal. Lab. Code § 1102.5, *et seq.*]**

6                      **(By Plaintiff Lucchese Against All Defendants)**

7         117.    Plaintiff Lucchese realleges and incorporates by reference, as though fully set

8    forth herein, the prior paragraphs of this Complaint.

9         118.    At all relevant times, Labor Code section 1102.5 was in effect and was

10   binding on DEFENDANT.  This statute prohibits DEFENDANT from retaliating against

11   any employee, including Plaintiff Lucchese, for raising complaints of illegality and/or belief

12   that the employee may disclose illegality.

13        119.    DEFENDANT failed to properly maintain standard safety measures at job

14   sites as well as on work Machinery. As such, Plaintiff Lucchese was placed in a constant

15   risk of harm while performing his job duties for DEFENDANT.   In March of 2020, Plaintiff

16   Lucchese informed DEFENDANT about such safety issues, but to no avail. In or around

17   March of 2020, and continuing through out the rest of Plaintiff Lucchese's employment,

18   Plaintiff Lucchese engaged in protected activity by complaining to DEFENDANT of

19   DEFENDANT's failure to maintain compliant safety standards, including, but not limited

20   to, DEFENDANT's failure to maintain the safety of work machines on DEFENDANT's job

21   sites, and DEFENDANT's insistence on jeopardizing public safety and worker safety in

22   order to accommodate the best interests of DEFENDANT itself.  As a direct consequence of

23   Plaintiff Lucchese's complaints to DEFENDANT, DEFENDANT retaliated against Plaintiff

24   Lucchese by removing him from the job site and demoting him to a helper position from the

25   mechanic position which resulted in lost wages. Plaintiff Lucchese raised complaints of

26   illegality while he worked for DEFENDANT and was believed to be willing to raise

27   complaints, and DEFENDANT retaliated against him by taking adverse employment

28   actions, including removal form the job site at which he worked and job demotion, against

                                            42

1   him.

2       120.    As a proximate result of DEFENDANT'S willful, knowing, and intentional

3   violation(s) of Labor Code section 1102.5, Plaintiff Lucchese has suffered and continues to

4   suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his

5   damage in a sum according to proof.

6       121.    As a result of DEFENDANT'S adverse employment actions against Plaintiff

7   Lucchese, Plaintiff Lucchese has suffered general and special damages in sums according to

8   proof.

9       122.    DEFENDANT'S misconduct was committed intentionally, in a malicious,

10  oppressive manner, and fraudulent manner entitling Plaintiff Lucchese to punitive damages

11  against defendants.

12

13                          **PRAYER FOR RELIEF**

14      WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and

15  severally, as follows:

16  1.    On behalf of the CALIFORNIA CLASS:

17      A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

18          CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

19      B)    An order temporarily, preliminarily and permanently enjoining and restraining

20          DEFENDANT from engaging in similar unlawful conduct as set forth herein;

21      C)    An order requiring DEFENDANT to pay all wages and all sums unlawfuly

22          withheld from compensation due to PLAINTIFFS and the other members of the

23          CALIFORNIA CLASS; and,

24      D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

25          for restitution of the sums incidental to DEFENDANT's violations due to

26          PLAINTIFFS and to the other members of the CALIFORNIA CLASS.

27  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

28      A)    That the Court certify the Second, Third, Fourth, Fifth, Sixth and Seventh Causes

                                    43

1    of Action asserted by the CALIFORNIA LABOR SUB-CLASS as a class action
2    pursuant to Cal. Code of Civ. Proc. § 382;

3    B)    Compensatory damages, according to proof at trial, including compensatory
4    damages for minimum and overtime compensation due PLAINTIFFS and the
5    other members of the CALIFORNIA LABOR SUB-CLASS, during the
6    applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus interest thereon
7    at the statutory rate;

8    C)    The greater of all actual damages or fifty dollars ($50) for the initial pay period
9    in which a violation occurs and one hundred dollars ($100) per each member of
10    the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay
11    period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and
12    an award of costs for violation of Cal. Lab. Code § 226;

13    D)    Meal and rest period compensation pursuant to Cal. Lab. Code §§ 226.7, 512 and
14    the applicable IWC Wage Order; and,

15    E)    For liquidated damages pursuant to California Labor Code Sections 1194.2 and
16    1197; and,

17    F)    The wages of all terminated employees from the CALIFORNIA LABOR SUB-
18    CLASS as a penalty from the due date thereof at the same rate until paid or until
19    an action therefore is commenced, in accordance with Cal. Lab. Code § 203

20    3.    On behalf of the State of California and with respect to all AGGRIEVED EMPLOYEES:

21    A)    Recovery of civil penalties as prescribed by the Labor Code Private Attorneys
22    General Act of 2004.

23    5.    On behalf of Plaintiff Lucchese for the Eighth Cause of Action:

24    A)    For all special damages which were sustained as a result of DEFENDANT's
25    conduct, including, but not limited to, back pay, front pay, lost compensation and
26    job benefits that Plaintiff Lucchese would have received but for the retaliatory
27    practices of DEFENDANT; and,

28    B)    For all exemplary damages, according to proof, which were sustained as a result

1          of DEFENDANT's conduct.

2    6.    On all claims:

3          A)    An award of interest, including prejudgment interest at the legal rate;

4          B)    Such other and further relief as the Court deems just and equitable; and,

5          C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the

6                law, including, but not limited to, pursuant to Labor Code §226, §1194, and/or

7                §2802.

8

9    Dated: September 7, 2021          BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

10

11

12                                     By:    /s/Norman B. Blumenthal

13                                            Norman B. Blumenthal
                                              Attorneys for Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

1

## **DEMAND FOR A JURY TRIAL**

2    PLAINTIFFS demand a jury trial on issues triable to a jury.

3

4    Dated: September 7, 2021            BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

5

6                                          By:    */s/Norman B. Blumenthal*
                                                  Norman B. Blumenthal
7                                                 Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

# EXHIBIT 1

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA,  CALIFORNIA 92037**
**Web Site: www.bamlawca.com**

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago
Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:                                                                                                      WRITERS EXT:
**Nick@bamlawca.com**                                                                                              **1004**

September 3, 2020
CA2192

### VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency        Kone Inc.
Online Filing                                                          Certified Mail #70192970000014863449
                                                                               CSC - Lawyers Incorporating Service
                                                                               2710 Gateway Oaks Drive, Suite 150N
                                                                               Sacramento, CA 95833

> Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

"Aggrieved Employees" refers to all individuals who are or previously were employed by Defendant Kone Inc. in California and classified as non-exempt employees during the time period of September 3, 2019 until a date as determined by the Court.  Our offices represent Plaintiff Matthew Lucchese ("Plaintiff"), and other Aggrieved Employees in a lawsuit against Defendant Kone Inc. ("Defendant").  Plaintiff has been employed by Defendant in California as a non-exempt employee as a Mechanic since June of 2016 and entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control.  Defendant, however, unlawfully failed to record and pay Plaintiff and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed meal and rest breaks, and for all of their time spent working off the clock. Moreover, when Defendant required Plaintiff and Aggrieved Employees to report for work, but "furnished less than half said employee's usual or scheduled day's work," Defendant violated Cal. Code Regs., tit. 8 § 11040, subd. 5(A) by failing to pay Plaintiff and Aggrieved Employees for at least two (2) hours' worth of work at their regular rate of pay. In addition, when Defendant required Plaintiff and Aggrieved Employees to respond to and engage in additional work, this  resulted in a second reporting for work in a single workday, and Defendant failed to pay these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040, subd. 5(B). Further,

Defendant failed to advise Plaintiff and the other Aggrieved Employees of their right to take separately and hourly paid duty-free ten (10) minute rest periods. *See Vaquero v. Stoneledge Furniture, LLC*, 9 Cal. App. 5th 98, 110 (2017). Additionally, pursuant to Labor Code § 204 *et seq.*, Defendant failed to timely provide Plaintiff and other Aggrieved Employees with their wages. Plaintiff further contends that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). Additionally, Plaintiff contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff began and ended each shift and meal period. Plaintiff and other Aggrieved Employees perform tasks that reasonably permit sitting, and a seat would not interfere with their performance of any of their tasks that may require them to stand. Defendant fails to provide Plaintiff and other Aggrieved Employees with suitable seats. Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the Complaint by Plaintiff against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiff, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiff, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiff therefore incorporates the allegations of the attached Complaint into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2699, *et seq*. The filing fee of $75 is being mailed to the Department of Industrial Relations Accounting unit with an identification of the Plaintiff, the Defendant and the notice. The lawsuit consists of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims as alleged in the Complaint, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiff and all Aggrieved Employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

# EXHIBIT 2

# BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP

**2255 CALLE CLARA**
**LA JOLLA, CALIFORNIA 92037**
**Web Site: www.bamlawca.com**

San Diego | San Francisco | Sacramento | Los Angeles | Riverside | Santa Clara | Orange | Chicago

Phone: (858) 551-1223
Fax: (858) 551-1232

WRITERS E-MAIL:                                                                      **WRITERS EXT:**
**Nick@bamlawca.com**                                                                **1004**

February 25, 2021
CA2192

## VIA ONLINE FILING TO LWDA AND CERTIFIED MAIL TO DEFENDANT

Labor and Workforce Development Agency        Kone Inc.
Online Filing                                 Certified Mail #70203160000068263138
                                              CSC- Lawyers Incorporating Service
                                              2710 Gateway Oaks Drive, Suite 150N
                                              Sacramento, CA 95833

Amended Notice for LWDA Case No. LWDA-CM-804988-20

Re:    Notice Of Violations Of California Labor Code Sections §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 246, 248.5, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of Applicable Industrial Welfare Commission Wage Order(s), and Pursuant To California Labor Code Section 2699.5.

Dear Sir/Madam:

Our offices represent Plaintiffs Matthew Lucchese and Julio Chavez ("Plaintiffs"), and other Aggrieved Employees in a lawsuit against Defendant Kone Inc. ("Defendant"). "Aggrieved Employees" refers to all individuals who are or previously were employed by Defendant Kone Inc. in California and classified as non-exempt employees during the time period of September 3, 2019 until a date as determined by the Court.

Plaintiff Lucchese originally sent a PAGA Notice on September 3, 2020 and gave notice to the LWDA and Defendant to enable Plaintiff to proceed with the Complaint against Defendant as authorized by California Labor Code section 2699, *et seq.*

This Amended Notice is intended to amend Plaintiff Lucchese's original PAGA Notice to provide an amended PAGA notice that will include an additional aggrieved employee, Plaintiff Julio Chavez, and additional allegations stemming from Defendant's failure to pay all wages, including wages for sick leave taken, in compliance with Labor Code sections 203 and 204.

Defendant unlawfully failed to comply with the Health Workplace Healthy Family Act of 2014, Labor Code section 246 et seq., which mandates that Defendant pay Plaintiffs

and the other Aggrieved Employees sick leave taken at their regular rate of pay. Defendant however paid Plaintiffs and the other Aggrieved Employees sick leave at a rate lower than their regular rate of pay in violation of Labor Code sections 203 and 204 as Defendant failed to provide payment of the underpayment at the time of the employee's termination of employment.

Plaintiff Chavez was employed by Defendant in California as a non-exempt employee from April of 2019 to November 2020 and entitled to the legally required meal and rest breaks and payment for all time worked under Defendant's control. Defendant, however, unlawfully failed to record and pay Plaintiff Chavez and other Aggrieved Employees for, including but not limited to, all of their time worked, including minimum and overtime wages, for all of their missed meal and rest breaks, and for all of their time spent working off the clock. Moreover, when Defendant required Plaintiff Chavez and Aggrieved Employees to report for work, but "furnished less than half said employee's usual or scheduled day's work," Defendant violated Cal. Code Regs., tit. 8 § 11040, subd. 5(A) by failing to pay Plaintiff Chavez and Aggrieved Employees for at least two (2) hours' worth of work at their regular rate of pay. In addition, when Defendant required Plaintiff Chavez and Aggrieved Employees to respond to and engage in additional work, this resulted in a second reporting for work in a single workday, and Defendant failed to pay these employees reporting time pay as required by Cal. Code Regs., tit. 8, § 11040, subd. 5(B). Further, Defendant failed to advise Plaintiff Chavez and the other Aggrieved Employees of their right to take separately and hourly paid duty-free ten (10) minute rest periods. *See Vaquero v. Stoneledge Furniture, LLC*, 9 Cal. App. 5th 98, 110 (2017). Additionally, pursuant to Labor Code § 204 *et seq.*, Defendant failed to timely provide Plaintiff Chavez and other Aggrieved Employees with their wages. Plaintiff Chavez further contends that Defendant failed to provide accurate wage statements to him, and other Aggrieved Employees, in violation of California Labor Code section 226(a). Additionally, Plaintiff Chavez contends that Defendant failed to comply with Industrial Wage Order 7(A)(3) in that Defendant failed to keep time records showing when Plaintiff Chavez began and ended each shift and meal period. Plaintiff Chavez and other Aggrieved Employees perform tasks that reasonably permit sitting, and a seat would not interfere with their performance of any of their tasks that may require them to stand. Defendant fails to provide Plaintiff Chavez and other Aggrieved Employees with suitable seats. Said conduct, in addition to the foregoing, as well as the conduct alleged in the incorporated Complaint, violates Labor Code §§ 201, 202, 203, 204 *et seq.*, 210, 226(a), 226.7, 246, 248.5, 351, 510, 512, 558(a)(1)(2), 1194, 1197, 1197.1, 1198, 2802, California Code of Regulations, Title 8, Section 11040, Subdivision 5(A)-(B), California Code of Regulations, Title 8, Section 1 1070(14) (Failure to Provide Seating), Violation of the applicable Industrial Welfare Commission Wage Order(s), and is therefore actionable under California Labor Code section 2699.3.

A true and correct copy of the First Amended Complaint by Plaintiffs against Defendant, which (i) identifies the alleged violations, (ii) details the facts and theories which support the alleged violations, (iii) details the specific work performed by Plaintiffs, (iii) sets forth the people/entities, dates, classifications, violations, events, and actions which are at issue to the extent known to Plaintiffs, and (iv) sets forth the illegal practices used by Defendant, is attached hereto. This information provides notice to the Labor and Workforce Development Agency of the facts and theories supporting the alleged violations for the agency's reference. Plaintiffs therefore incorporate the allegations of the attached Complaint

into this letter as if fully set forth herein. If the agency needs any further information, please do not hesitate to ask.

This notice is provided to enable Plaintiffs to proceed with the foregoing claim against Defendant as authorized by California Labor Code § 2699, *et seq*. The filing fee of $75 was mailed to the Department of Industrial Relations Accounting unit when Plaintiff filed the Original PAGA Notice, which provided an identification of Plaintiff, Defendant and the notice. The lawsuit consists of other Aggrieved Employees. As counsel, our intention is to vigorously prosecute the claims as alleged, and to procure civil penalties as provided by the Private Attorney General Statue of 2004 on behalf of Plaintiffs and all Aggrieved Employees.

Your earliest response to this notice is appreciated. If you have any questions of concerns, please do not hesitate to contact me at the above number and address.

Respectfully,

/s/ *Nicholas J. De Blouw*

Nicholas J. De Blouw, Esq.

1

2

**CERTIFICATE OF SERVICE [F.R.C.P. §5]**

3

4

    I am a citizen of the United States and a resident of the State of California.  I am employed in the County of San Diego, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 2255 Calle Clara, La Jolla, California 92037.  On June 9, 2021, I served the document(s) described below:

5

6

7

8

**PLAINTIFF'S  SECOND AMENDED CLASS ACTION**

9

**COMPLAINT**

10

11

 _X_  (BY ELECTRONIC SERVICE): I caused the listed documents to be electronically filed through the CM/ECF system at the United States District Court for the Northern District of California which generates a Notice of Electronic Filing to all parties and constitutes service of the electronically filed documents on all parties for purposes of the Federal Rules of Civil Procedure.

12

13

14

15

16

17

    I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made, and that the foregoing is true and correct under penalty of perjury.

18

19

20

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 7, 2021 at San Diego, California.

21

22

23

24

_____

Karla Horne

25

26

27

28